IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS ANTHONY RAKER | § | |
| | § | |
| v. | § | C.A. NO. MC-08-022 |
| | § | |
| CORPUS CHRISTI POLICE | § | |
| DEP'T, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

Proceeding pro se, plaintiff filed this complaint on February 28, 2008, alleging that Officers M. Garcia and D. Sotello of the Corpus Christi Police Department violated his constitutional rights. (D.E. 1, Att., at 2). He also filed a motion to proceed without prepaying the $350 filing fee. (D.E. 1). On March 10, 2008, after a hearing on the motion, it was granted. (D.E. 3). The first installment of $75 was due on April 5, 2008. Id. at 1. Plaintiff was also ordered to file an amended complaint, "specifically listing officers Garcia and Sotello as defendants and detailing his allegations against them," no later than March 24, 2008. Id. at 2.

Plaintiff did not comply with the Court's order. Accordingly, on April 14,

2008, plaintiff was ordered to either pay the first installment of the filing fee and file an amended complaint, or alternatively, show cause as to why this action should not be dismissed for want of prosecution. (D.E. 4). Plaintiff was admonished that failure to respond within twenty days could result in dismissal. Id. at 1-2. Thus, his response was due on Monday, May 5, 2008. To date, plaintiff has not filed an amended complaint, or paid any portion of the filing fee.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

It appears that plaintiff has both abandoned this action and failed to comply with orders of this Court. Accordingly, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 6th day of May 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).